IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN DOVER,<br>　　　　　　Plaintiff,<br><br>　vs.<br><br><br><br><br>SHOE SHOW, INC.,<br>　　　　　　Defendant. | )<br>)<br>)<br>) Civil Action No. 12-694<br>)<br>) Judge Cathy Bissoon<br>) Magistrate Judge Maureen P. Kelly<br>)<br>) Re: ECF No. 16<br>) |

# REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Shoe Show, Inc. ("Defendant"). Defendant seeks to dismiss the Class Action Complaint (the "Complaint") filed by Plaintiff Dawn Dover ("Plaintiff") because it fails to state a claim upon which relief can be granted. For the following reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 16, be denied.

**II.　REPORT**

　**A.　FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's Complaint alleges that on May 8, 2012, Plaintiff made a purchase with her credit card at the Shoe Dept. Encore, one of 1,125 retail stores operated across the United States by Defendant. Plaintiff was provided a receipt for her transaction, which displayed the expiration date of her personal credit card, in violation of the terms of the Fair and Accurate Credit Transaction Act ("FACTA"), as amended, 15 U.S.C. §§ 1682 *et seq*. [ECF No. 1, ¶¶ 12-15].

1

Plaintiff alleges that she has not personally suffered any loss or injury as a result of the transaction or the receipt violation, but seeks to recover statutory damages on behalf of herself and a class of similarly situated consumers pursuant to 15 U.S.C. § 1681 c(g).

Section 1681 c(g) was enacted by Congress in 2003 to prevent identity theft, and provides: "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681 c(g). FACTA imposes civil liability for violations of this provision, with the available remedies dependent upon whether the violation was negligent or willful. If a merchant's violation was merely negligent, a plaintiff may recover only actual damages. Id. at § 1681o(a)(1). However, if the violation was willful, FACTA permits a plaintiff to elect to recover either actual damages or statutory damages between $100 and $1,000. Id., at § 1681 n(a)(1)(A). A court may also award punitive damages in cases involving willful violations. Id. at § 1681 n(a)(2).

As a result of Defendant's alleged FACTA violation, Plaintiff seeks to represent a class of consumers to whom Defendant provided a receipt on which the expiration date of the credit or debit card was printed, but who have not suffered identity theft or actual damages. [ECF No. 1, ¶ 49]. Plaintiff therefore seeks statutory damages for Defendant's alleged willful violations, as well as punitive damages, attorneys' fees and costs.

Defendant has moved to dismiss Plaintiff's Complaint, contending that the allegations do not sufficiently allege that Defendant's violation of FACTA "was willful, as opposed to a merely inadvertent." [ECF No. 17, p. 2].

B.   STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must read the complaint in the light most favorable to the non-moving party and all well-pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397–98 (3d Cir. 2000).

The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly, the Supreme Court held that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss." Id. at 678.  Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679.  In Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit  provided a two-part test to determine whether a claim survives a motion to dismiss. "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as

3

true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' The plaintiff must show 'the allegations of his or her complaints are plausible. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief.' [This] 'plausibility' determination will be 'a context – specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679.

### C. DISCUSSION

In considering the pending Motion to Dismiss, the narrow issue before the Court is whether the Complaint satisfactorily alleges that Defendant willfully failed to comply with Section 1681 c(g). At this stage of the litigation, the Court finds that the allegations of the Complaint are sufficient.

First, the Complaint states a threshold violation of the statute. Giving effect to Congress's intent in enacting FACTA to stem the tide of identity theft, Section 1681 c(g), as expressed in the ordinary meaning of the statutory language, "prohibits a merchant from printing expiration date information on a receipt provided to the consumer." Long v. Tommy Hilfiger U.S.A., 671 F.3d 371, 376 (3d Cir. 2012). The Complaint alleges that Defendant printed the full expiration date on Plaintiff's receipt and therefore clearly alleges a violation of Section 1681 c(g).

Second, because no actual damages for identity theft have been sustained, Plaintiff must allege that Defendant's violation was "willful." For a violation of Section 1681 c(g) to have been "willful," a defendant's failure to comply with FACTA must have been either knowing or

4

reckless, and without justification in a reasonable interpretation of the statute. See, Long v. Tommy Hilfiger U.S.A., 671 F.3d 371, 376 (3d Cir. 2012) (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)).[1] Plaintiff's Complaint alleges facts concerning the publicity directed at merchants prior to and surrounding the 2003 passage of FACTA, including alerts from the Federal Trade Commission regarding merchant responsibilities to guard against identity theft after FACTA. [ECF No. 1, ¶ 24]. In addition, the Complaint alleges that Defendant was made aware of its compliance obligations by VISA manuals and guidelines, specifically requiring the elimination of an expiration date after July 1, 2006. [ECF No. 1, ¶¶ 18 – 19]. While the Complaint cites to trade publications not applicable to Defendant's line of business, the Complaint does allege sufficient publicity and guidance from credit card processors to place a sophisticated retailer with over 1,000 stores on notice of its obligations under FACTA. Finally, the Complaint alleges that nearly a decade after the passage of FACTA, despite being aware of FACTA's requirements, Defendant has not complied with the clear requirement to remove expiration dates from consumer receipts.

In light of these contentions, the Court finds that the Complaint sufficiently alleges that Defendant's violation of FACTA was either knowing or reckless to satisfy the plausibility standard set forth in Twombly and Iqbal.

### D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss [ECF No.16] be denied.

---

[1] In Long, the United States Court of Appeals for the Third Circuit affirmed the dismissal of a complaint where the defendant printed only the credit card expiration month, but omitted the expiration year. The Court of Appeals concluded that the defendant's interpretation of the statute was not "objectively unreasonable," and, thus, that the Complaint failed to state a claim for a willful violation of FACTA. The Court of Appeals noted that the phrase "expiration date" was undefined and there was no guidance from federal courts of appeal on the issue of a partially truncated expiration date. Id. Here, Defendant is alleged to have printed the entire expiration date and as such, Defendant does not contend that dismissal is warranted on grounds of an "objectively reasonable" interpretation of the statute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                      Respectfully submitted,

                                      <u>/s/ Maureen P. Kelly</u>
                                      MAUREEN P. KELLY
                                      UNITED STATES MAGISTRATE JUDGE

Dated: March 19, 2013

cc:      The Honorable Cathy Bissoon
          United States District Judge

          All counsel of record by Notice of Electronic Filing