IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN DOVER, *individually and on behalf of all others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-694 |
| v. | ) ) | Judge Cathy Bissoon |
| SHOE SHOW, INC., | ) ) | |
| Defendant. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING**

The Plaintiff's consented Motion (**Doc. 45**) for preliminary approval of class action settlement is **GRANTED**, and the Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation and Agreement of Class Action Settlement (Doc. 45-1) executed by the settling parties and filed with this Court ("Settlement Agreement");

2. The Settlement Class Representative and the Released Parties, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3. The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure in that: (a) the proposed Settlement Class is

ascertainable and so numerous that joinder of all Members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among Members of the proposed Settlement Class with respect to the subject matter of the Litigation; (c) the claims of Settlement Class Representative Dawn Dover are typical of the claims of the Members of the proposed Settlement Class; (d) Settlement Class Representative Dawn Dover will fairly and adequately protect the interests of the Members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) Settlement Class Counsel are qualified to serve as counsel for the Settlement Class Representative in her own capacity as well as her representative capacity and for the Settlement Class; and, (g) common issues will likely predominate over individual issues;

      4.      The moving party also has presented to the Court for review a Stipulation and Agreement of Class Action Settlement; the Settlement Agreement proposes a settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

      5.      The moving party has presented to the Court for review a plan to provide notice to the proposed Settlement Class of the terms of the settlement and the various options the Settlement Class has, including, among other things, the option for Settlement Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a participating Claimant.  Notice will be published consistent with the Settlement Agreement.  The notice proposed is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B), and provides sufficient notice to all Members of the Settlement Class.  The contents of the proposed notice and the manner of its dissemination satisfy the requirements of state and federal due process.

Consistent with the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation and Agreement of Class Action Settlement, and the settlement contemplated therein, is preliminarily approved.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the settlement, the Court finds that each of the requirements for certification of the Class set forth in Plaintiff's Unopposed Motion for Preliminary Approval are met and hereby conditionally certifies the following Class:

> All Consumers to whom Shoe Show provided an electronically printed receipt at the point of sale in a transaction occurring anytime from June 3, 2008 through August 27, 2013 on which Shoe Show printed (1) more than the last five digits of the person's credit card or debit card number, and/or, (2) the expiration date of the person's credit card or debit card number.  Excluded from the class is any Consumer who has suffered identity theft as a result of any Shoe Show Violation.

In the event that the Settlement Agreement is terminated or not consummated, such conditional certification shall be void, and the Released Parties shall have reserved their rights to oppose any and all class certification motions.

3. The Court appoints and designates the named plaintiff, Dawn Dover, as Settlement Class Representative, and the law firm of Carlson Lynch LTD as Settlement Class Counsel.  The Court authorizes Settlement Class Counsel to take approved steps to effectuate the Settlement Agreement and the settlement contemplated therein on behalf of the Settlement Class Representative and Members of the Settlement Class.

4. The parties are directed to select a Settlement Administrator, and the Court directs the chosen Settlement Administrator to perform all duties assigned to the Settlement Administrator under the Settlement Agreement.

5. Notice of the proposed settlement and the rights of Settlement Class Members to opt in and/or out of the settlement and/or to become a participating Claimant shall be given by issuance of notice consistent with the terms of the Settlement Agreement by **December 9, 2013**.

6. Settlement Class Counsel shall file a Motion for Fees and Costs on or before **February 11, 2014**.

7. A Final Settlement Hearing will be held before the undersigned in Courtroom #6B, Sixth Floor, U.S. Post Office and Courthouse Building, Pittsburgh, Pennsylvania on **March 13, 2014 at 10:00 a.m.** to consider whether the settlement should be given final approval by the Court:

(a) Written objections by Settlement Class Members to the proposed settlement will be considered if received by Settlement Class Counsel on or before **February 11, 2014**;

(b) By **February 27, 2014**, all papers in support of final settlement approval shall be filed, including a joint motion for final approval of class action settlement;[1] counsel shall attach to the motion a signature-ready proposed order; **the proposed order shall briefly address the parties' compliance with the CAFA notice requirements**; and any further relief sought by the parties before the entry of final judgment shall be addressed in motion(s) and/or proposed order(s) filed contemporaneously with the motion for final approval;

(c) At the Final Settlement Hearing, Settlement Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

---

[1] If and as necessary, the parties are not prohibited from moving for a reasonable extension of this deadline. The deadline currently established was suggested in the parties' proposed order.

      (d)     Settlement Class Counsel and counsel for the Released Parties should be prepared at the hearing to respond to objections filed by Settlement Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved;

      (e)     In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

8.     All discovery, pretrial deadlines and other pretrial proceedings in the Litigation are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may be necessary to implement the Settlement Agreement or this Order, pending entry of a Final Judgment and Dismissal Order, and any appellate review thereof.

9.     All Settlement Class Members, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claim, directly or indirectly, in any judicial, administrative, arbitral, or other forum, against any of the Released Parties, pending a ruling on the Final Approval Order and any appeal thereof, or termination of the Settlement Agreement, whichever occurs earlier.

10.    This Order is not admissible as evidence for any purpose, other than to enforce its terms, against the Released Parties (including without limitation Defendant Shoe Show, Inc.) in any pending or future litigation. The Order shall not be construed or used as an admission or evidence of the validity of any Released Claim or of any wrongdoing by or against the Released Parties, nor as a waiver by the Released Parties of any right to present any evidence, arguments

or defenses, including without limitation to class certification, in this action or any other proceeding, in the event that no Final Approval Order is issued and Finally Approved or the Settlement Agreement is otherwise terminated pursuant to its terms.

    IT IS SO ORDERED.


October 25, 2013                         s\Cathy Bissoon
                                          Cathy Bissoon
                                          United States District Judge

cc (via ECF email notification):

All counsel of record