**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| DAWN DOVER, | ) | Case No. 2:12-cv-00694-CB-MPK |
| Individually, and on Behalf of | ) | |
| All Others Similarly Situated, | ) | *Electronically Filed* |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHOE SHOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

### PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PAYMENT OF PLAINTIFF INCENTIVE AWARD

Plaintiff, Dawn Dover, hereby moves this Court for an award of attorneys' fees, reimbursement of expenses and payment of Plaintiff incentive award. In support thereof, Plaintiff states as follows:

1.      This class action was filed on May 24, 2012 on behalf of Plaintiff and a class of consumers against Shoe Show, Inc. ("Shoe Show").

2.      The Complaint alleges that Shoe Show violated the truncation requirements of the Fair and Accurate Credit Transaction Act, 15 U.S.C. §§ 1681 *et seq*. ("FACTA") by providing credit and/or debit card receipts to customers at the point of sale that published more than the last five (5) digits of customer credit/debit card account numbers, and/or credit/debit card expiration dates.

3.      Shoe Show has at all times denied, and continues to deny, that it has committed any unlawful acts whatsoever or that it has any liability whatsoever to Plaintiff or the Class.

4.      The maximum potential value of the proposed Settlement is $5,000,000.00, $2,625,000.00 of which is guaranteed.[1]

5.      The total lodestar and costs incurred by Counsel for Plaintiff and the Class are $252,919.50.  The tasks undertaken by Class Counsel to reach a successful resolution of this case are summarized in Class Counsels' Declaration attached to this Motion.[2]

6.      Pursuant to the terms of the Settlement Agreement and subject to Court approval, Shoe Show has agreed to pay an amount of $500,000.00 in costs and attorneys' fees to counsel for Plaintiff and the Class.  The payment of fees and costs was negotiated separately from the class relief and payment of fees and costs in no way effects the amount of relief to be made available to the class.  Because of this fact, the Parties agreement regarding fees and costs is entitled to substantial deference.  *See In re: Metropolitan Life Insurance Company Sales Practices Litigation*, No. 96-179-MC (W.D. Pa., December 28, 1999)(Ambrose, J.)("*MetLife*").[3]

7.      As set forth more fully in the accompanying Memorandum of Law, Plaintiff is applying for fees and costs in the amount of $500,000.00, consistent with the specific terms of the Settlement Agreement. The requested fees and costs of $500,000.00 represents a percentage of the maximum potential value of the settlement of 10%. This percentage is reasonable and appropriate under all of the factors discussed in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000).

---

[1] The "guaranteed" value is calculated by multiplying the maximum numbers of settlement vouchers available (375,000) by the $7.00 value of Tier Two settlement vouchers. The cost of notice and administration costs could have been, but was not, included in this calculation.  The Parties have agreed that the total amount that Defendant is required to pay in connection with the proposed Settlement shall not exceed $5,000,000.00. See Settlement Agreement at 23.  (A copy of the Settlement Agreement is appended to Plaintiff's Unopposed Motion for Preliminary Approval [Dkt. # 45] as Exhibit 1.)  [Dkt. # 45-1.]
[2] *See* Declaration of Gary F. Lynch In Support of Motion for Attorneys' Fees, Costs and Plaintiff's Incentive Award attached as Exhibit 1.
[3] A copy of the *MetLife* Findings and Conclusions is attached as Exhibit 2.

8.      Plaintiff is also applying for a reasonable and appropriate incentive payment of $2,500.00 in recognition of her effort on behalf of the Class. Pursuant to the terms of the Settlement Agreement and subject to Court approval, Shoe Show has agreed to make this payment.

WHEREFORE, Plaintiff respectfully requests that she be awarded reasonable attorneys' fees and costs in an amount of $500,000.00 consistent with the specific terms of the Settlement Agreement plus an incentive payment of $2,500.00.

Dated:  February 27, 2014                          Respectfully submitted,

                                                   CARLSON LYNCH LTD.

                                                   By:  */s/ Gary F. Lynch*
                                                   Gary F. Lynch
                                                   glynch@carlsonlynch.com
                                                   Sunshine R. Fellows
                                                   sfellows@carlsonlynch.com
                                                   Jamisen A. Etzel
                                                   jetzel@carlsonlynch.com
                                                   PNC Park, 115 Federal Street, Suite 210
                                                   Pittsburgh, PA 15212
                                                   (Tel.) 412-322-9243
                                                   (Fax) 412-231-0246

                                                   *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system on this 27th day of February, 2014.

*<u>/s/ Gary F. Lynch</u>*