# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DAWN DOVER,<br>Individually, and on Behalf of<br>All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SHOE SHOW, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:12-cv-00694-CB-MPK |

## DECLARATION OF GARY F. LYNCH IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PAYMENT OF PLAINTIFF INCENTIVE AWARD

I, Gary F. Lynch, hereby state under penalty of perjury as follows:

1.      I am a founding partner in the law firm of Carlson Lynch Ltd.[1]  I submit this Declaration in support of my firm's application for an award of attorneys' fees and reimbursement of expenses, and payment of a Plaintiff's incentive award, in connection with services rendered to the Plaintiffs' Settlement Class.

2.      This firm's compensation for the services it has rendered in this case has been wholly contingent on the success of this litigation.

3.      As Class Counsel, the attorneys, paralegals, and staff of my firm were involved in the activities reflected in the spreadsheet appended hereto as Exhibit B.

4.      All of this work was reasonable and necessary to the prosecution of this case.

5.      The attorneys, paralegals, and staff of my firm have spent 609.5 hours working on this case from inception through February 20, 2014, and the spreadsheet includes an estimate of

---

[1] A copy of the Firm Resume of Carlson Lynch Ltd is attached hereto as Exhibit A.

time and expenses since that date through the hearing on the motion for final approval of the settlement on March 13, 2014. The corresponding lodestar for this period, based on the firm's current rates, is $252,919.50.

6. None of the time included in Class Counsel's fee application is for any work that has been done in connection with the application for fees.

7. From inception through February 20, 2014, plus the estimate for preparing and attending the hearing on the final approval of the settlement, my firm has expended a total of $6,019.50 in unreimbursed expenses in connection with the prosecution of this litigation. These expenses are reflected in the books and records of this firm maintained in the ordinary course of business. These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred.

8. As of February 27, 2014, there have been no objections to Class Counsels' fee request, and no Class Member has requested exclusion from the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct, this 27th day of February, 2014.

/s/ Gary F. Lynch
Gary F. Lynch

# Exhibit A

## FIRM RESUME OF CARLSON LYNCH LTD

Effective June 1, 2004, Bruce Carlson and Gary Lynch combined their prior practices to form the firm of Carlson Lynch Ltd., with the intention of building a boutique firm that expanded upon their substantial individual experience and success representing plaintiffs in consumer, labor and employment and wage and hour, class action litigation in federal and state courts throughout the country.  Litigation prosecuted by Carlson Lynch has resulted not only in the substantial monetary recoveries on behalf of class members described below, but  Carlson Lynch cases  continue to generate seminal legal authority, and the firm recently obtained its third federal appellate reversal within a twelve month period.  In June 2012, the United States Supreme Court granted *certiorari* in a collective action under the FLSA in which Carlson Lynch is lead counsel for Plaintiff.  Oral argument occurred in December 2012, wherein the Solicitor General of the United States participated as *amicus* supporting the position advocated by Carlson Lynch (this case originated in the EDPA).[1]

From June 2004 through June 15, 2013, Carlson Lynch was either lead or co-lead counsel representing plaintiffs in the following representative list of settled class actions:

■ *In re Wireless Phone Equipment Replacement Insurance Litigation,* (C.P. Allegheny County, Pennsylvania):  Bruce Carlson and Gary Lynch were lead counsel in this national litigation alleging consumer fraud in connection with wireless phone equipment replacement insurance.  Following the fairness hearing in November, 2004, the Court entered Findings of Fact and Conclusions of Law which commented on the adequacy of Carlson Lynch as lead counsel as follows:

"Class counsel have abundant experience as lead counsel in consumer class

---

[1] In a highly anticipated 5-4 decision, the Supreme Court reversed the Third Circuit and ruled against Plaintiff.

> action litigation. Indeed, class counsel have frequently appeared before this Court. Other courts have routinely recognized class counsels' adequacy .... This Court readily agrees with these other courts, and finds that Bruce Carlson and Gary Lynch are more than adequate counsel, and indeed are capable and diligent class action attorneys."

The settlement was approved and the settlement proceeds were distributed to the class.

■ *Gualano v. Abercrombie & Fitch Stores, Inc.*, (U.S.D.C., W.D. Pa). Bruce Carlson and Gary Lynch were co-lead counsel in this wage and hour litigation alleging that defendant retail clothier was violating federal and state minimum wage laws. Following the fairness hearing in early 2005, where a multi-state settlement was presented to the Court for approval, the Court entered Findings of Fact and Conclusions of Law addressing lead counsels' adequacy as follows:

> "The Court finds the plaintiffs' counsel, Bruce Carlson and Gary Lynch, are experienced class counsel and that they have met all of the requirements of Rule 23(g)(1)(B) and (C). Consistent with the underlying purpose of Fed. R. Civ. P. 23, plaintiffs' counsel have achieved, with utmost efficiency, a quality result for the entire class and are commended for the diligence and effective advocacy they have displayed on behalf of their clients."

■ *Pasci v. Express, LLC*, (U.S.D.C., W.D. Pa.). This case was similar to the *Abercrombie* case discussed above, and proceeded to a fairness hearing in November 2004, where a multi-state settlement was presented to the Court for approval. Regarding the adequacy of Carlson Lynch, the Court issued Findings and Conclusions stating:

> "With respect to the adequacy of counsel, the Court finds that class counsel have capably and vigorously represented the class. Bruce Carlson and Gary Lynch have substantial experience in class-based litigation involving consumer fraud and employment claims .... Class counsel achieved an efficient and excellent result on behalf of the class."

■ *White v. United Steel Workers of America*, (U.S.D.C., W.D. Pa.). Carlson Lynch was co-lead counsel in this age-discrimination class action against the U.S.W.A. After overcoming a motion to dismiss on a legal issue regarding which there was a substantial split of authority, the

defendant requested mediation to explore the possibility of settlement. After extensive mediation over a one month period in June 2004, the case ultimately settled for an amount that defense counsel characterized as the highest ever paid by the U.S.W.A. in connection with civil litigation.

■ *Bannon v. First One Lending, Inc.*, (C.P., Allegheny County, Pennsylvania). Carlson Lynch was co-lead counsel in this class action filed on behalf of Pennsylvania second mortgage loan borrowers alleging that they were charged excessive settlement fees in violation of the Pennsylvania Secondary Mortgage Loan Act. After the court denied defendant's motion to dismiss, the case ultimately settled and plaintiffs and the class were refunded 100% of the alleged overcharge.

■ *Dwight v. American Eagle Outfitters, Inc.,* (C.P., Allegheny County, Pennsylvania). Carlson Lynch was lead counsel in this class action alleging that American Eagle violated the minimum wage laws. The parties negotiated a multi-state settlement, which was approved by the trial court. The settlement proceeds have been distributed to the class.

■ *Tarlecki v. Bebe Stores, Inc.* (U.S.D.C., N.D. CA) Carlson Lynch was co-lead counsel in this wage and hour litigation alleging that defendant retail clothier was violating federal and state minimum wage laws. With the mediation assistance of a former federal judge from the Northern District of California, the parties reached a proposed national settlement, and final approval was granted following a fairness hearing in late 2009, at which Gary Lynch appeared on behalf of the Class.

■ *Dykeman v. Charming Shoppes, Inc.*, (Sup. Ct., King County, Washington) Carlson Lynch was co-lead counsel in this case alleging violations of the Washington state minimum wage laws. After the Court denied defendants' motion to dismiss and granted plaintiffs' class

certification motion, the parties reached a mediated settlement which was approved by the trial judge. The settlement proceeds were distributed to the class in early spring of 2007.

Carlson Lynch was also co-lead counsel in a related case in state court in California on behalf of a class of California Charming Shoppes Employees. The parties in that case negotiated a proposed settlement, and final approval was granted following a fairness hearing in May 2008.

■ *Pitts v. NovaStar Home Loans, Inc. et al.,* (U.S.D.C., S.D., Ga.) Carlson Lynch was co- lead counsel for plaintiffs in this national RESPA class action. The Southern District of Georgia was the MDL court for this litigation. After the Court denied defendant's motion to dismiss, after the court denied defendants' motion for summary judgment and granted plaintiffs' motion for class certification in a related Maryland state court action – where Carlson Lynch was also co-lead counsel, and after extensive discovery including the video depositions of several of defendants' top executives, the parties participated in multiple mediation sessions and ultimately arrived at a national cash settlement on behalf of class members for $17,300,000.00. The Court granted preliminary approval of the proposed settlement on July 11, 2007. A fairness hearing was held on September 14, 2007, at which Bruce Carlson appeared on behalf of the class. On September 18, 2007, the court entered an Order granting final approval of the settlement and entering Judgment.

■ *Battaline v. Advest,* (U.S.D.C., W.D. Pa.). Carlson Lynch was lead counsel for plaintiffs in this wage and hour class action alleging that defendant stock brokerage company violated state overtime laws. After Defendant filed its answer and substantial informal and formal discovery ensued, the parties participated in mediation and reached an agreement regarding a proposed national settlement. The Court entered an order granting final approval of the settlement on September 16, 2008.

■ *Ellis v. Edward Jones* (U.S.D.C.N.D.OH.). Gary Lynch and Carlson Lynch chaired the Plaintiffs' Leadership Committee in this wage and hour class action alleging that defendant stock brokerage company violated federal and state overtime laws. After Defendant filed an answer and after significant discovery wherein Defendant produced in excess of 500,000 pages of documents and hundreds of videotapes, the parties commenced mediation to pursue a potential global settlement. The first mediation, which occurred in Atlanta in March 2007, was unsuccessful. Ultimately, the parties participated in a second mediation in San Francisco, at which the parties arrived at the basic terms of a proposed settlement pursuant to which class members from multiple states received in excess of $19,000,000.00. After a fairness hearing on January 5, 2009, the Court granted final approval of the settlement.

■ *Byers v. PNC Financial Services Group, Inc.* (U.S.D.C. W.D. Pa.) Carlson Lynch was lead plaintiff's counsel in this wage and hour class action alleging that defendant stock brokerage company violated federal and state overtime laws. A multi-state settlement was approved following a fairness hearing in June 2008.

■ *Steen v. A.G. Edwards, Inc.* (U.S.D.C., S.D. Ca.) Carlson Lynch was co-class counsel for plaintiff in this wage and hour litigation alleging that defendant stock brokerage company violated federal and state overtime laws. A mediated national class-based settlement has been reached and preliminary approval has been granted. A fairness hearing was held on August 31, 2009 in Los Angeles, after which the Court has entered an Order granting final approval of the settlement.

■ *Meola v. AXA Financial, Inc.* (U.S.D.C., N.D. Ca.) Carlson Lynch was co-class counsel for plaintiff in this wage and hour litigation alleging that defendant financial services company violated federal and state overtime laws. A mediated national class-based settlement

was negotiated in this matter and final approval was granted following a fairness hearing in the fall of 2009.

■ *In re St. Francis Health System* (C.P., Allegheny County Pennsylvania)  Carlson Lynch was counsel for the class in connection with this wage and hour litigation on behalf of certain former employees of the St. Francis Health System in Pittsburgh.  Plaintiff asserted that the class was deprived of severance benefits when St. Francis Health System was acquired by another hospital group in Western Pennsylvania.  Prior to the disposition of Plaintiff's class certification motion, the parties engaged in extensive mediation before reaching a class-based settlement.

■ *Haag v. Janney Montgomery Scott* (U.S.D.C., E.D. Pa.)  Carlson Lynch was a member of the three firm Executive Committee in this wage and hour class action alleging that defendant stock brokerage company violated federal and state overtime laws.  After protracted litigation and two separate mediations, the parties reached a multi-state settlement.  A fairness hearing was conducted in Philadelphia on June 30, 2009, where Gary Lynch appeared on behalf of the class.  Following the hearing, the Court granted final approval of the settlement.

■ *Steinberg v. Morgan Stanley & Co.*  (U.S.D.C., S.D. Ca.)  Carlson Lynch was co-class counsel for plaintiff in this wage and hour litigation alleging that defendant stock brokerage company violated federal and state overtime laws.  A mediated national class-based settlement was reached and final approval of the settlement has been granted.

■ *Ramsey v. Ryan Beck, Inc.* (U.S.D.C., S.D. N.Y.)  Carlson Lynch was co-class counsel in this wage and hour class action alleging that defendant stock brokerage company violated federal and state overtime laws.  After protracted litigation, the parties reached a multi-state settlement and final approval was granted in June 2010.

■ *Kniess v. Heritage Valley Health Systems, Inc.* (C.C.P., Allegheny Cty, PA) Carlson Lynch was lead counsel in this wage and hour class action alleging the defendant hospital system failed to pay overtime compensation to its nurse practitioners and physician's assistants. The parties reached a mediated class settlement whereby class members received the majority of the back pay alleged by Carlson Lynch.

■ *Leadbitter v. The Washington Hospital, Inc.* (U.S.D.C., W.D. PA.) Carlson Lynch was lead counsel in this wage and hour class action alleging the defendant hospital system failed to pay overtime compensation to its nurse practitioners and physician's assistants. The parties reached a mediated class settlement whereby class members will be eligible to receive the majority of the back pay alleged by Carlson Lynch, and the settlement has received final approval from the Court.

■ *Kaher v. Ameriquest Mortgage Co.* (U.S.D.C., W.D. Pa./MDL N.D. Ill.). Carlson Lynch was counsel for plaintiff in connection with this consolidated group of class actions alleging the existence a kick-back scheme in violation of RESPA, along with numerous other unfair lending practices. The specific case being handled by Carlson Lynch created new law under RESPA. Specifically, Carlson Lynch filed this action as a test case to challenge what they viewed as a negative trend in the law regarding how federal trial courts were determining whether a consumer has standing to sue under RESPA, as well as the manner in which damages are calculated under RESPA. Every prior federal trial court to consider these issues had sided with defendants. In opposing the Ameriquest motion to dismiss that was filed in this case, Carlson Lynch argued that these other federal trial courts had fundamentally misinterpreted the legislative history of RESPA, to support their decisions to dismiss the prior cases. In a seminal decision, the United States District Court for the Western District of Pennsylvania departed from

the holdings issued by these other federal courts, and agreed with the arguments of Carlson

Lynch, denying the motion to dismiss. *See, Kahrer v. Ameriquest Mortgage Co.*, 418 F.Supp.2d

748 (W.D. Pa. 2006)(Hay, J.). Multiple federal courts of appeal have adopted the *Kahrer*

reasoning, including at least the Sixth and Third Circuits.

This case was ultimately settled as part of MDL proceedings against Ameriquest in the

Northern District of Illinois, and final approval of the settlement has been granted.

■ *Career Education Corporation Misclassification Litigation* (U.S.D.C., W.D. Pa.)  In

early 2011, Carlson Lynch filed a putative collective action on behalf of admissions

representatives employed by culinary schools operated by Career Education Corporation.

Carlson Lynch alleges that these individuals were misclassified and improperly denied overtime

benefits. A class settlement was negotiated in this case and final approval of the settlement was

granted in December 2011.

■ *Atrium Centers, LLC Automatic Meal Break Deduction Litigation* (U.S.D.C., N.D.

Ohio)  Carlson Lynch is lead counsel in this collective action on behalf of hourly health care

workers (primarily nurses) alleging improper pay practices in connection with automatic meal

break deductions.  After the court granted Plaintiffs' motion for conditional certification of a

collective action under the FLSA, extensive discovery ensued.  Following the close of discovery,

in the fall of 2012 the Parties engaged in mediation with a former United States Magistrate Judge

and reached an agreement to settle the case on a collective basis.  The settlement was approved

by the court in December 2012 and the settlement proceeds have been distributed.

■ *Northwestern Memorial Healthcare Automatic Meal Break Deduction Litigation*

(U.S.D.C., N.D. Ill.)  Carlson Lynch is lead counsel in this collective/class action on behalf of

hourly health care workers (primarily nurses) alleging improper pay practices in connection with

automatic meal break deductions. After extensive discovery and the denial of Defendant's motion for summary judgment, the Parties reached a mediated class settlement in the fall of 2012. The Court has preliminarily approved the settlement and a fairness hearing is set for the fall of 2013.

■ *Crozer-Keystone Health System Overtime Litigation (Nurse Practitioners/Physician's Assistants)*. Carlson Lynch filed a putative collective action against Crozer-Keystone Health System in the Eastern District of Pennsylvania. The Complaint challenges pay practices related to nurse practitioners and/or physicians' assistants. The plaintiffs in these cases allege that they are illegally being denied overtime compensation by their employers. After discovery, the Parties filed cross motions for summary judgment. In a widely reported opinion issued on January 4, 2011, the Court granted Plaintiff's motion for summary judgment, holding that Defendant has misclassified individuals in Plaintiff's job position. Defendant's motion for reconsideration of the federal court's summary judgment decision was denied in a twenty one page opinion and order issued on August 15, 2011.

Following mediation, the settlement of this case was approved in August 2012.

■ *CitiMortgage SCRA Litigation* (S.D.NY). In July 2011, Carlson Lynch is tri-lead counsel in a class action against CitiMortgage on behalf of Sergeant Jorge Rodriguez in the Southern District of New York. This case alleges that CitiMortgage improperly foreclosed upon Mr. Rodriguez's home (and the homes of similarly situated individuals) while he was serving his country in Iraq, in violation of the Servicemembers Civil Relief Act. The case recently settled on a class basis and a motion for preliminary approval of the settlement is pending.

### Other Active Class Actions

In addition to the above-listed cases, Carlson Lynch is lead, or co-lead counsel in

numerous pending class actions including the following (this list is *not* complete—it is intended
to be representative only):

■ *In re Community Bank of Northern Virginia and Guaranty National Bank of
Tallahassee Secondary Mortgage Loan Litigation*, (U.S.D.C., W.D. Pa.).  Carlson Lynch is class
counsel in this national litigation under the Real Estate Settlement Procedures Act.  The case
originally settled for a cash amount in excess of $33,000,000.00.  Bruce Carlson was lead
counsel for the settling plaintiffs and presented the original proposed settlement at a fairness
hearing in November 2003.  The Court approved the settlement notwithstanding a coordinated
opt-out and objection campaign mounted by a consortium of competing plaintiffs' counsel.  The
objectors appealed the Court's order approving the settlement, and Carlson presented the settling
plaintiffs' position at oral argument before the U.S. Court of Appeals for the Third Circuit on
February 17, 2005.  In August 2005, the Third Circuit vacated the order approving the
settlement, and remanded the case for further proceedings relating to the settlement.

After extensive additional briefing on remand, and with the mediation assistance of a
former judge from the United States Court of Appeals for the Third Circuit, the settling parties
negotiated a modified and enhanced settlement, whereby Defendants agreed to make available to
the class an additional amount in excess of $14,000,000, so that the value of the proposed
modified settlement was close to $50,000,000.00.  At the same time, United States District Court
Judge Gary L. Lancaster issued a lengthy opinion rejecting the objectors' argument that the
settling plaintiffs should have asserted additional claims under the Truth in Lending Act.  The
proposed modified and enhanced settlement was referred to the former Chief Judge of the
Western District of Pennsylvania – acting as a friend of the Court –to make an initial
determination regarding the fairness and adequacy of the revised settlement.  On July 5, 2007,

former Chief Judge Ziegler issued an advisory opinion holding that the modified, enhanced settlement was fair, adequate and reasonable for the class.

Thereafter, Judge Lancaster conducted a lengthy hearing regarding whether the proposed settlement class should be certified and the modified settlement preliminarily approved. On January 25, 2008, Judge Lancaster issued an opinion and order certifying the settlement class and preliminarily approving the proposed settlement. A fairness hearing related to the enhanced settlement was conducted on June 30, 2008. On August 15, 2008, the Court issued a comprehensive Opinion and Order granting final approval of the modified settlement.

Objectors again appealed the final judgment and approval of the modified settlement to the Third Circuit. Following extensive briefing, Bruce Carlson argued the position of the settling plaintiffs before the Third Circuit on April 20, 2010.

In the fall of 2010, the Third Circuit issued a published a lengthy precedential decision vacating the Order approving the settlement and remanding for further proceedings. The initial post-remand status conference was held on February 23, 2011.

At the post-remand status conference, counsel for Plaintiffs – including counsel for the objectors—proposed two alternative suggestions for the direction of the litigation going forward: 1) global mediation to ascertain whether a new settlement was possible; or, 2) entry of an MDL case management order appointing Bruce Carlson and Fred Walters as co-lead counsel for all of the consolidated actions, and directing that the case be litigated consistent with the structure set forth in the proposed order. The Court granted Defendants' request for thirty days to consider which way it would like to proceed, and Defendants ultimately requested additional mediation, which occurred in Manhattan on June 9-10, 2011. The case did not settle and is back in litigation. Defendants have filed motions to dismiss and Plaintiffs filed their brief in opposition

to the motions in early February 2012.   Oral argument on the motion was held in September

2012.   In late June 2013, the Court issued an Order granting the motions in part, and denying

the motions in part.   All of Plaintiffs' key claims survived the motions to dismiss.

Bruce Carlson and Fred Walters have been formally appointed as interim lead counsel for

the class.   Following the death of former Chief Judge Lancaster, the case was transferred to

Judge Schwab.   After the case was transferred, Plaintiffs filed a motion for class certification.

The motion has been fully briefed and the Court has held oral argument in connection with the

motion.

Bruce Carlson and Fred Walters are also counsel for the putative class, and represent a

class plaintiff on the unsecured creditors committee, in a related bankruptcy proceeding pending

in the SDNY  wherein the debtor is *Rescap*, the parent company of one of the original

defendant's in this action.   Carlson Lynch and Walters Bender (along with bankruptcy counsel)

reached a settlement in principle for the class in the bankruptcy case during the week of June 17,

2013, and a formal motion for approval of the settlement will be filed in the bankruptcy court in

early July 2013.

■ *FACTA Litigation.*   Carlson Lynch has been counsel for Plaintiffs in numerous

putative class actions alleging a violation of the Fair and Accurate Credit Transaction Act.   These

cases have been filed in various federal courts nationally.   Class certification motions have been

granted in multiple cases.   Motions to Dismiss have been denied in at least five of the cases.   A

motion for summary judgment was denied in a sixth case.   Proposed class-based settlements

have been negotiated in more than (20) twenty of the cases, with final approval having been

granted, and judgment entered, in those cases.

On June 4, 2008, Congress passed an amnesty bill that eliminated potential liability for

every defendant that had a FACTA case pending against it as of that date, but did not change the law prospectively. As a result, several defendants with which Carlson Lynch had negotiated class settlements—wherein final judgment had not been entered—attempted to retreat from settlements based upon the change in law. Two judges in the Western District of Pennsylvania, and one judge in the Eastern District of Pennsylvania, issued orders and wrote opinions supporting Carlson Lynch's efforts to enforce the settlements, and those cases proceeded to judgment. One judge in the Western District of Pennsylvania refused to enforce a similarly postured class settlement, and vacated the preliminary approval order that she had previously issued. Carlson Lynch appealed that decision and the Third Circuit reversed in a published decision issued on June 15, 2010. The Third Circuit directed the trial judge to enforce the settlement, and a fairness hearing in that case was held on February 10, 2011, at which time final approval of the settlement was granted.

Carlson Lynch has recently filed multiple new FACTA cases, and discovery in those cases is ongoing, with proposed class settlements negotiated in numerous cases.

■ *Hospital Meal-Break Overtime Litigation.* Beginning in late 2010, Carlson Lynch filed numerous putative class and/or collective actions on behalf of hourly health care workers (primarily nurses) alleging improper pay practices in connection with automatic meal break deductions. These cases remain in active litigation. Some of the defendants in these cases include: UPMC (Pittsburgh), West Penn Allegheny Health Systems (Pittsburgh), Genesis Health Care (Philadelphia), Northwestern University Health Care System (Chicago), Kindred Health Care (Chicago), HCR Manorcare (Toledo), Vanderbilt University Health Care System (Nashville), HCA, Inc. (Nashville), Resurrection Health Care (Chicago), St. John Health (Detroit). Document and deposition discovery is ongoing in some of the cases. Conditional

certification was granted in at least seven of the cases.

There has been active motions practice in a number of the cases as well, with numerous issues currently pending before multiple federal courts of appeal. On August 31, 2011, the United States Court of Appeals for the Third Circuit issued a seminal opinion in *Symczyk v. Genesis Healthcare Corporation*, reversing the trial court's order granting defendant's motion to dismiss. Gary Lynch successfully argued the appellant/plaintiff's position before the Third Circuit in this case. In this opinion, the Third Circuit defined the standards for preliminary certification in cases under Section 216(b) of the Fair Labor Standards Act. The decision in this case represented the third federal appellate reversal obtained by Carlson Lynch in the twelve month period preceding the issuance of the decision.

Some of these cases have settled on a collective basis during the summer and fall of 2012, and those settlements will be described in more detail once the documents become public.

■ *EFTA Litigation.* Beginning in late 2010, Carlson Lynch filed putative class actions on behalf of consumers in multiple federal venues under the Electronic Fund Transfer Act. Those venues include: Western District of Pennsylvania, Eastern District of Pennsylvania, Middle District of Pennsylvania, Western District of New York, Southern District of New York, Northern District of Ohio, District of Maryland, Middle District of Florida, Southern District of Florida, Western District of Missouri, Eastern District of Missouri, Southern District of Texas, Northern District of Texas, Western District of Texas, Middle District of Tennessee, Western District of Tennessee and Northern District of Georgia. These cases allege that various automated-teller machine ("ATM") operators (primarily financial institutions) violated mandatory ATM fee disclosure requirements, and therefore were not permitted to impose transaction fees on ATM users at their machines. Motions to dismiss were granted in two cases

based upon EFTA's statutory safe harbor provision, and Carlson Lynch appealed the dismissals to the Third Circuit. The Third Circuit agreed with Carlson Lynch and reversed the Orders granting the motions to dismiss, and both of those cases were remanded for further proceedings, and then settled on a class basis. Class settlements have been negotiated in at least twenty five additional cases to date. Some cases have been settled on an individual basis. Numerous cases remain pending throughout the country and are in active litigation. Litigation classes have recently been certified in some of the cases.

■ *ADA ATM Accessibility Litigation.* Carlson Lynch is currently counsel for Plaintiffs in a substantial number of actions filed under the Americans with Disabilities Act on behalf of blind individuals to enforce ATM accessibility laws. These cases are pending in numerous federal venues nationally. A substantial number of the cases have been settled, and in all of those cases the Defendants have agreed to equitable relief calculated to guarantee that they come into compliance with the relevant regulations, and that once they are in compliance, they will remain in compliance. There has been a limited amount of motions practice in these cases. Several Defendants have filed motions to dismiss challenging Plaintiffs' standing to sue under Article III of the Constitution. None of these motions have been successful to date, and in fact one United States Magistrate Judge in the Eastern District of Texas initially issued a Report and Recommendation suggesting that Defendant's motion to dismiss should be granted, but after Carlson Lynch filed a motion for reconsideration demonstrating that the Magistrate Judge was urging a position that would be a clear error of law, the Magistrate Judge issued an amended opinion and recommended that the motion to dismiss be denied in its entirety. Motions to dismiss have been denied in six of these cases to date.

■ *Other Class Actions.* As of June 2013 Carlson Lynch has filed numerous additional

class actions on behalf of consumers and wage earners throughout the country. These cases include wage and hour cases against adult entertainment establishments (i.e. on behalf of "strippers" who have been paid improperly) and false advertising cases related to deceptive product labeling. Those cases will be described in greater detail as the cases mature.

## FIRM LAWYERS

### Bruce Carlson

Bruce Carlson is from Wilkinsburg, Pennsylvania, where he attended the public schools. He graduated from the University of Pittsburgh School of law in 1989. He was the Executive Editor of the Journal of Law and Commerce in law school. He also obtained his undergraduate degree from the University of Pittsburgh, graduating *summa cum laude* in political philosophy. After law school, he was employed for approximately four years at Eckert Seamans Cherin & Mellott, in Pittsburgh. Subsequently, he was a member at the Pittsburgh plaintiffs-FELA and mass tort firm previously known as Peirce Raimond, Osterhout, Wade, Carlson & Coulter. During his five year tenure at the Peirce firm, Carlson developed and managed one of the largest, if not the largest, pediatric lead poisoning practices in the country. After his practice evolved and began to focus more on consumer class action litigation, he affiliated the practice with a prominent Pittsburgh-based plaintiffs' class action firm. During the three and one-half years that he was affiliated with that firm, Carlson originated and was lead counsel in more consumer class cases than any lawyer in Western Pennsylvania. These cases were filed not only in Western Pennsylvania, but in state and federal courts throughout the country. Effective June 1, 2004, Carlson ended his relationship with his former firm and aligned his practice with his law school friend and frequent co-counsel, Gary Lynch.

Carlson is admitted to practice in the state courts of Pennsylvania and West Virginia, the

United States District Courts for the Western, Middle and Eastern Districts of Pennsylvania, the

Northern and Southern Districts of West Virginia, the Northern District of Ohio, the Northern,

Southern, Eastern and Western Districts of Texas, the District of Maryland, the Western District

of Tennessee and the United States Courts of Appeal for the Third and Eleventh Circuits.  He is a

member of the Million Dollar Advocates Forum.  He is a member of the American Association

of Justice, and the Pennsylvania, Western Pennsylvania and West Virginia Trial Lawyers

Associations.

### Gary Lynch

Gary Lynch is from New Castle, Pennsylvania, where he attended the public schools.  He has

been engaged in the practice of complex litigation on behalf of plaintiffs for the last fifteen years.

He graduated from the University of Pittsburgh School of Law in 1989, after obtaining a

Bachelor of Science degree in Accounting at Penn State University in 1986.  While in law

school, he was the Topics Editor of the *Law Review*.

After graduating from law school, Lynch was initially employed by Reed Smith, then the

largest law firm in Pittsburgh. After working at that firm for several years and focusing primarily

on litigation defense, he decided that he wanted to start his own practice, representing plaintiffs

rather than defendants. Initially, he specialized in employment litigation on behalf of plaintiffs,

and in that context, successfully handled both individual cases and class actions.

From 1994 through 1999, he served as the managing partner of a four-attorney

"boutique" firm, focusing on plaintiff employment litigation, complex personal injury, Workers'

Compensation and Social Security disability. During this time, Lynch began to focus his practice

on class litigation, at first solely in the context of employment discrimination litigation.

Since founding Carlson Lynch with Bruce Carlson in 2004, he has continued his practice in

plaintiffs' employment litigation and, at the same time, has increasingly worked on consumer

class actions.  In collaboration with Bruce, Gary has been successful in expanding his class

action practice nationally. Gary is currently spearheading nationwide class litigation involving a

number of different industries and practices.  He oversees all of the firm's labor and employment

class litigation.

   Gary is admitted to practice in the state courts of Pennsylvania, the United States District

Courts for the Western, Middle and Eastern Districts of Pennsylvania, the Northern and Southern

Districts of Ohio, the Northern District of Illinois and the United States Courts of Appeal for the

First, Third, Seventh, Ninth and Eleventh Circuits.  He is also admitted to the United States

Supreme Court.

**Pam Miller**

Pam graduated from Westminster College in 1989 with a degree in history and political science.

She graduated from the University of Pittsburgh School of Law in 1993.  Pam oversees the

firm's disability practice.

**Stephanie Goldin**

Stephanie attended the College of William of Mary, where she graduated in 2000 with a

Bachelors of Business Administration, with a minor in economics.  She graduated *cum laude*

from the University of Pittsburgh School of Law in 2006.  While at Pitt Law, Stephanie served

on the Journal of Law and Commerce.  Stephanie worked as a clerk at Carlson Lynch between

her second and third years of law school, and during her third year of law school, before joining

the firm as a full time lawyer in the fall of 2006.   Stephanie works primarily in the firm's

consumer class litigation practice.

**Sunshine Fellows**

Sunshine attended the University of Pennsylvania, where she graduated in 1998 with a Bachelor of Arts in Sociology. She graduated *cum laude* from the University of Pittsburgh School of Law in 2001. While at Pitt Law, Sunshine served as a Research Editor for the Law Review. After law school, Sunshine was an associate at Kirkpatrick Lockhart & Gates between 2001 and 2004, Bechtol & Lee between 2004 and 2007 and Jackson Lewis between 2007 and 2011. Sunshine works primarily in the firm's wage and hour and employment practices.

## Carlos Diaz

Carlos attended Duquesne University where he graduated in 2001 with a Bachelor of Science in Business Administration. He obtained his law degree from Duquesne in 2004. After law school, Carlos was an associate at Melkus, Fleming & Gutierrez in Tampa, Florida, between 2004 and 2006, and Burns White in Pittsburgh between 2006 and 2011. Carlos is admitted to practice in both Pennsylvania and Florida. Carlos speaks fluent Spanish. Carlos works primarily in the firm's consumer class litigation practice.

## Jamisen Etzel

Jamisen attended Duquesne University where he graduated *magna cum laude* in 2008 with a Bachelor of Arts in Political Science. He obtained his law degree from New York University School of Law in 2011. While at NYU Law, Jamisen was the Managing Editor of the Journal of Legislation and Public Policy. During the summer of 2010, Jamisen served an internship with United States District Judge William H. Walls of the United States District Court for the District of New Jersey. Jamisen works primarily in the firms' consumer class litigation practice.

## OF COUNSEL:

## Tom Withers

Tom became of counsel to Carlson Lynch in June 2008, and often provides advice and counsel to

the firm regarding trial strategy.

Tom graduated from the University of Georgia law school in 1984. He also received his undergraduate degree from the University of Georgia.

After graduating from law school, Tom joined Oliver, Maner and Gray, in Savannah, Georgia, where he was a partner from 1988 until 1990. While at Oliver, Maner and Gray, Tom was primarily engaged in the defense of medical malpractice cases for physicians. During his six years with the firm, Tom tried approximately ten medical negligence cases to verdict, all of which resulted in verdicts for the defendants.

Thereafter, Tom joined the United States Attorney's Office in the Southern District of Georgia, where he remained for eight years. Tom initially served as an Assistant U.S. Attorney in the Criminal Section before becoming Chief of the Criminal Section in 1993. Tom also served as a Professional Responsibility Officer during his time with the United States Attorney's Office and was given the Department of Justice's Director's Award in 1997.

In 1998, Tom left the United States Attorney's Office and became a founding partner of Gillen Parker & Withers (now, Gillen Withers & Lake, LLC). Tom's practice focuses on federal and state criminal defense, Medicare/Medicaid fraud, and complex civil litigation.

Tom is admitted to practice in the state courts of Georgia, the United States District Courts for the Southern and Northern Districts of Georgia, and the United States Court of Appeals for the Eleventh Circuit.

# Exhibit B

**Firm Name:**
**Carlson Lynch LTD**

<u>**DOVER V. SHOE SHOW, INC.**</u>
<u>**Time and Expense Report**</u>
<u>**Reporting Period:  Inception through February 20, 2014**</u>

<u>Categories:</u>

1. Investigations, Factual Research, Initial Complaint
2. Discovery
3. Pleadings, Briefs and Pretrial Motions (Including Legal Research)

4. Court Appearances
5. Settlement
6. Litigation Strategy, Analysis and Case Management

(P) Partner
(A) Associate
(PL) Paralegal

| **ATTORNEY OR PARALEGAL** | 1 | 2 | 3 | 4 | 5 | 6 | TOTAL HOURS | CURRENT HOURLY RATE | TOTAL LODESTAR |
|---|---|---|---|---|---|---|---|---|---|
| Gary F. Lynch (P) | 19.75 | 29.5 | 35.75 | 10.5 | 57.5 | 28.5 | 181.5 | $500.00 | 90,750.00 |
| Sunshine R. Fellows (P) | 21.5 | 39.75 | 46.25 | 6.0 | 67.0 | 27.5 | 212.25 | $450.00 | 95,512.50 |
| Jamisen A. Etzel (A) | 15.25 | 48.75 | 46.25 | 0 | 24.5 | 21.5 | 156.25 | $350.00 | 54,687.50 |
| Nichole Ehrheart (PL) | 5.75 | 18.25 | 15.75 | 0 | 6.0 | 13.75 | 59.5 | $100.00 | 5,950.00 |
| **TOTALS:** | **62.25** | **136.25** | **148.25** | **16.5** | **155.0** | **91.25** | **609.5** | | **246,900.00** |

<u>**COSTS:**</u>

| | |
|---|---|
| Filing Fee | $400.00 |
| Service | $75.00 |
| Mediation | $5,544.50 |
| **TOTAL COSTS:** | **$6,019.50** |

**TOTAL LODESTAR + TOTAL COSTS = <u>$252,919.50</u>**