# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: WESTINGHOUSE SECURITIES LITIGATION | Civil Action Nos. | 91-354, 97-309, 97-960 |

## ORDER

WHEREAS, a settlement and final fairness hearing was held yesterday on the above-captioned class action cases pursuant to the notice of settlement that was earlier published and sent to absent class members, and

WHEREAS, argument as to the fairness of both the class settlements and proposed attorney's fees was held, with all parties of record and objectors given an opportunity to be heard, and

WHEREAS, no person objected to either the settlement or the proposed fees, and

WHEREAS, the court, after reviewing the record and submissions as well as hearing argument, made findings on the record that class certification was warranted and that the terms of the class settlement were fair and equitable, and

WHEREAS, the Court has found good cause for entering the following Order, Judgment and Decree,

NOW, THEREFORE, this nineteenth day of October 1999, it is hereby ORDERED and DIRECTED that:

A. The court finds and concludes as follows:

1. This is a "common fund" case.

2. The percentage of recovery approach is appropriate in this case. In re General Motors

Pickup Truck Fuel Tank Litig., 55 F.3d 768, 821 (3d Cir. 1995); Lake v. First Nationwide Bank, 900 F. Supp. 726, 734 (E.D. Pa. 1995).

3. Plaintiff's counsels' requested fee percentage of 33 1/3 % is fair and reasonable under the circumstances.

4. The lodestar method shall be used as a cross-check on the results of the percentage of recovery method. General Motors, 55 F.3d at 820-21.

5. Plaintiffs' counsel expended 60,536.54 hours litigating this case, not including hours spent preparing the fee petition. The hours expended were reasonable.

6. The average hourly rate for plaintiffs' counsel is approximately $297.83. This represents a reasonable rate given the attorneys' reputations, experience and status.

7. The lodestar amount obtained by multiplying the hourly rate and the hours expended is $18,029,469.70.

8. The fee obtained under the percentage of recovery approach is $22,416,666.67, a fee approximately 24 percent greater than under the lodestar method. This percentage difference is insufficient to invalidate the percentage of recovery fee as grossly excessive in relation to the work performed.

9. Plaintiffs' counsel incurred reasonable, legitimate litigation costs of $1,622,123.31.

B. The court awards the following:

1. Attorney's fees in the amount of $22,416,666.67.

2. Litigation costs of $1,622,123.31.

3. Interest on both of the above from the date the settlement monies were placed into escrow.

4. Both the fees and costs award shall be payable to plaintiffs' lead counsel. The court does not retain jurisdiction over any dispute that may arise over how those fees and costs are to be allocated among plaintiffs' counsel.

BY THE COURT,

D. Brooks Smith
United States District Judge

cc:  All Counsel of Record