# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS G. DI CICCO, on behalf of himself and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 95-1937 JUDGE CINDRICH |
| AMERICAN EAGLE OUTFITTERS, INC.; JAY L. SCHOTTENSTEIN; ROGER S. MARKFIELD; GARY B. GERAMITA; and SAM FORMAN, | ) ) ) ) ) | MAGISTRATE JUDGE BENSON |
| Defendants. | ) ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the proposed settlement agreement be approved, and that an Order and Final Judgment substantially in the form of that attached as "Exhibit A" be entered.

II.   REPORT

This is a securities action filed by plaintiff on behalf of himself and all others similarly situated.   The complaint was filed on November 29, 1995.   A motion to dismiss was filed and responded to (Docket #6 and #22), and a reply was filed (Docket #25).   Oral argument was set, and was then cancelled as the parties informed the court that a settlement had been reached.

On September 10, 1996, the parties filed a Stipulation of Settlement and proposed order (Docket #29). The proposed order was then entered as order of this court on September 19, 1996 (Docket #30). The court, by that order, set a hearing for November 20, 1996; and also approved preliminarily the terms of the settlement stipulation and the settlement of the action for which it provides; certified a settlement class; directed plaintiff to cause notice to be given to class members; approved the form of notice, proof of claim and summary notice. The order also provided that any class member who wishes to request exclusion from the class must do so by November 4, 1996, and that any objections to the proposed settlement must also be submitted by that date. No such objections were filed, and no one appeared at the hearing on November 20, 1996, to voice objection to the proposed settlement. Further, only a single request for exclusion was filed.

The order further provided for class members not opting out to submit proofs of claim on or before February 4, 1997, in order to participate in the Net Settlement Fund.

Plaintiff's counsel has also filed a request for attorney's fees in the amount of 1/3 of the settlement of $1,950,000. There is also a request for costs in the amount of $34,581.87, and an incentive fee of $2,500 for the plaintiff, having been the sole person to initiate and pursue this action on behalf of the class (there were 4000 individual notices mailed in this matter to potential class members). Finally, at the hearing, plaintiff's counsel noted that the funds for the settlement have already been

- 2 -

paid into an interest-bearing account by defendants, and asks that counsel be granted a pro rata share of the interest proceeds.  The settlement agreement is now ripe for final approval.

## LEGAL STANDARD

Courts have discretion in approving the settlement of a class action, but can endorse the settlement only if it is "fair, adequate and reasonable."  Eichenholtz v. Brennan, 52 F.3d 478, 482 (3d Cir. 1995), quoting Walsh v. Great Atlantic & Pacific Telephone Co., Inc., 726 F.2d 956, 965 (3d Cir. 1983).  There are several factors which must be considered in approving the settlement.  These include the following:

> (1) the complexity and likely duration of the litigation . . . ; (2) the reaction of the class to the settlement . . . ; (3) the stage of the proceedings and the amount of discovery completed . . . ; (4) the risks of establishing liability . . . ; (5) the risks of establishing damages . . . ; (6) the risks of maintaining the class action through the trial . . . ; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery . . . ; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation . . . .

Id. at 488, quoting Girsh v. Jepson, 521 F.2d 153, 156 (3d Cir. 1975).  In order to provide for meaningful appellate review, the district court must explain its reasons for approving a class action settlement agreement.  Id.

- 3 -

In this case, a review of the factors set forth above establishes that this settlement agreement should be approved by the court.  First, this is a securities case which involves complex issues of proof both of liability and damages.  This matter would no doubt involve lengthy and costly discovery.  Further, the parties had already embarked upon motions practice when the settlement was proposed, and that motions practice also promised to be extensive.  By reaching a settlement at this time, the parties have avoided vast expenses on both sides, and have avoided the expenditure of precious judicial resources.  As counsel has noted, this is true even if likely appeals are not considered.

Second, the reaction of the class to the proposed settlement speaks volumes in favor of approving the settlement.  There has been a single request for exclusion, and no objections from the thousands of potential class members.  Clearly this is strong evidence that the settlement is fair and adequate.

Third, this case has been settled at a time when sufficient discovery has occurred to put the parties on firm notice of the likely strengths and weaknesses of their case, yet at a point where the bulk of discovery which would be necessary to proceed to trial has not been taken.  In the court's view, this is precisely the time that settlement should be pursued by the parties.

Fourth, there are very real risks associated with proving liability.  In order to prove the securities claims, the class would be required to establish that defendants were responsible for an omission or misstatement that was material, caused damage

- 4 -

to the class and that defendants acted with scienter.  The dispute
in this case concerns whether or not defendants improperly stated
inventories, gross profit margins and costs of goods sold; whether
the defendants misrepresented the accounting controls and the
adequacy of its computer system; and whether the defendants inten-
tionally misrepresented that the financial statements did not
account for reduced inventory in order to reflect discounted, slow
moving, obsolete, outdated or overstocked inventory.  The fact
finder in this matter would be faced with a literal sea of infor-
mation, and asked to follow expert testimony concerning the inven-
tory and accounting systems of a large retailer.  The factual and
technical difficulty level of this case is, indeed, high, and
makes the proof of liability difficult.  Plaintiff also faces dif-
ficult questions of proof with respect to materiality, scienter
and reliance.  There have been credible defenses pleaded in each
of these respects, and liability is dependent upon proving each to
the fact finder's satisfaction.

     Fifth, and like other securities cases, proving damages
could be the most trying part of the case from the perspective of
the class.  The determination would involve measuring the differ-
ence between the purchase price and the value of the stock at the
date of purchase.  This determination necessarily involves more
expert testimony, and arguments from the defendants that damages
are too speculative.  This would entail yet another battle of
experts, each hypothesizing on the value of the stock had certain
things not occurred.

- 5 -

Finally, and encompassing the last handful of factors, the settlement in this case is for almost $2,000,000, when the potential damages have been estimated at $12,000,000. In light of the expense and risk of proceeding to trial, this is clearly a reasonable amount to accept in return for not incurring the expenses of what has been estimated to be a month-long trial and the risks already outlined above. Further, the settlement represents a sizable payment from the defendants.

In conclusion, the court is convinced that every factor considered weighs heavily in favor of approving the settlement. The court notes also that counsel for both sides have been professional and realistic in this matter. The court has never seen a more thorough tracking of the requirements for a good class settlement than that pursued by counsel in this case. To say that the submissions of the parties have been helpful would be a gross understatement. The court has been impressed with the competence and candor of counsel from both sides in this matter, and that, perhaps more than any other single factor, convinces the court that this settlement has been achieved at arms-length by counsel intent on both protecting the interests of their clients, and in arriving at a fair and adequate settlement. I have no hesitation in recommending that this settlement be approved.

## ATTORNEY'S FEES AND SPECIAL AWARD

"[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled a reasonable attorney's fee from the fund as a whole." Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). In this case, plaintiff's counsel requests a fee equivalent to 1/3 of the settlement fund. The percentage of recovery award is appropriate for a case such as this where a common fund is involved. This is so since the award will "apportion the fund between the class and its counsel in a manner that rewards counsel for success and penalizes it for failure." In re General Motors, 55 F.3d 768, 821 (3d Cir. 1995).

The amount of the award requested is, in the court's view, fair and reasonable. There are several factors which are relevant to this determination. First, this is a case where counsel has expended a great deal of time investigating the claim, has engaged in some motions practice, and has taken discovery. Although counsel has avoided the necessity of vast discovery by settling at this point, there is still a substantial amount of document discovery which has been conducted, as well as two depositions.

Second, the amount of the settlement, considered in light of the prospective recovery and the risks involved in reaching such a recovery, is substantial.

Third, counsel is experienced and able. A settlement of this matter on these terms and at this early stage of the litigation could not have occurred absent experienced and able counsel on both sides.

Fourth, a fee award of 1/3 is wholly in line with numerous similar cases cited by counsel, and is also in line with this court's experience.

Fifth, counsel was retained in this case on a contingency fee basis and should be compensated for taking the risk of nonrecovery.

Sixth, there has been no objection to the proposed fees from the class.

Lastly, an award of fees in the amount requested would serve the laudatory purpose of encouraging attorneys to take the risk required to represent clients who, absent the possibility of a substantial recovery of fees, would not be able to afford competent and experienced counsel. Counsel should also receive the benefit of having arranged for the settlement to be prefunded. The settlement fund is now accruing interest, and counsel should recover 1/3 of the interest as of the time that counsel fees are paid from the fund.

As a final note, the requested recovery of fees of $649,350 plus accrued interest, as well as $34,581.87 in expenses, would be reasonable even if the "lodestar" method were employed. See, Court Awarded Attorney Fees: Report of the Third Circuit Task Force, 108 F.R.D. 243 (1985). Here, counsel has documented

- 8 -

hourly fees of over $300,000, not including expenses.   Thus, the percentage of recovery would represent a lodestar of only 2.1, which, in point of fact, is low for a case which settles so favorably at such an early point in the litigation.   (See cases cited at Docket #32, at 26-27).   Therefore, the same amount of attorney's fees and expenses should be approved by the court under either method of computation.

As a final matter, an award of $2,500 from the settlement fund is recommended for the class representative.   Again, such an award is consistent with this court's practice, and with the concept of class actions in general to enforce the securities laws.   The amount requested was made known to potential class members, and has not been objected to.   The request is both fair and reasonable, and should be granted.

<u>CONCLUSION</u>

Wherefore, on the basis of the foregoing, it is respectfully recommended that the settlement agreement be approved, that the request for attorney's fees, costs and an award to the class representative be approved, and that an order substantially similar to that attached as "Exhibit A" be entered to implement the settlement and payment of claims.

In accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

- 9 -

objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.


KENNETH J. BENSON
UNITED STATES MAGISTRATE JUDGE

Dated:  November 25 , 1996

cc:  Sherrie R. Savett, Esquire
     Karen S. Orman, Esquire
     Berger & Montague, P.C.
     1622 Locust Street
     Philadelphia, PA 19103

     Stanley D. Bernstein, Esquire
     Bernstein Liebhard & Lifshitz
     274 Madison Avenue
     New York, NY 10016

     Alfred G. Yates, Jr., Esquire
     Gerald L. Rutledge, Esquire
     Law Offices of Alfred G. Yates, Jr.
     519 Allegheny Building
     429 Forbes Avenue
     Pittsburgh, PA 15219

     Robert A. Swift, Esquire
     Steven M. Steingard, Esquire
     Craig W. Hillwig, Esquire
     Kohn, Swift & Graf, P.C.
     1101 Market Street - Suite 2400
     Philadelphia, PA 19107

     Jennifer Wilson Hewitt, Esquire
     Robert V. Campedel, Esquire
     Doepken Keevican & Weiss
     USX Tower - 37th Floor
     600 Grant Street
     Pittsburgh, PA 15219

- 10 -