# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN DOVER, Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SHOE SHOW, INC., <br><br> Defendant. | Case No. 2:12-cv-00694-CB-MPK |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came on for hearing upon the application of the Settlement Class Representative by and through Settlement Class Counsel for approval of the settlement set forth in the Stipulation and Agreement of Class Action Settlement (the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation and Agreement of Class Action Settlement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Settlement Class Representative, the other Members of the Settlement Class, and the Released Parties.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of,

and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All Consumers to whom Shoe Show provided an electronically printed receipt at the point of sale in a transaction occurring anytime from June 3, 2008 through August 27, 2013 on which Shoe Show printed (1) more than the last five digits of the person's credit card or debit card number, and/or, (2) the expiration date of the person's credit card or debit card number. Excluded from the class is any Consumer who has suffered identity theft as a result of any Shoe Show Violation.

4. The Court finds that the distribution of the notice to Settlement Class Members as provided for in the Order Granting Preliminary Approval for the Settlement constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the final approval hearing, the notice to the Settlement Class was adequate.

5. The Court finds in favor of settlement approval.

6. The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settlement Class Representative, the Settlement Class Members, and the Released Parties (the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. The Settling Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

8. All of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Settlement Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

9. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Settlement Agreement.

10. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Settlement Class Representatives, Settlement Class Counsel, and the Released Parties.

11. With respect to the Rule 23 Settlement Class and for purposes of approving this Settlement only, this Court finds and concludes that: (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among Settlement Class Members with respect to the subject matter of the Litigation; (c) the claims of Settlement Class Representative Dawn Dover are typical of the claims of the Members of the Settlement Class; (d) the Settlement Class Representative has fairly and adequately protected the interests of the Settlement Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the Settlement Class Counsel are qualified to serve as counsel for the Plaintiff in her individual and representative capacities and for the Settlement Class.

12. The Court hereby finds and concludes that the Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement, and that the Long-Form Notice, the Publication Notice, the Shoe Show Website Notice, the Shoe Show In-Store Notice, and the Settlement Website complied with this Court's Preliminary Approval Order.

13. The Court further finds and concludes that the Notice, the Long-Form Notice, the Publication Notice, the Claims Forms, and the notice, opt-out, and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and this Order.

14. There have been no objections to the Settlement.

15. No Settlement Class Members have requested exclusion from the Settlement.

16. By this Judgment, the Settlement Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties. In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members entitled to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.  This action is hereby dismissed with prejudice.

17. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Parties may file the Settlement Agreement and/or the Judgment from this Litigation in any other

action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. If for any reason the Effective Date does not occur, then certification of the Settlement Class shall be deemed vacated, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Litigation, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

19. The only Settlement Class Members entitled to relief pursuant to this Judgment are Tier One Voucher Recipients and Tier Two Voucher Recipients. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

20. Upon consideration of Plaintiff's Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Payment of Plaintiff Incentive Award, Plaintiff's Motion is GRANTED. Defendant shall pay fees and costs to Settlement Class Counsel in the amount of $500,000.00, consistent with the terms of the Settlement Agreement. Defendant shall also pay a Settlement Class Representative Award in the amount of $2,500.00 to the named Plaintiff, consistent with the terms of the Settlement Agreement.

21. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class,

representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Settlement Class Representative, the Settlement Class and the Released Parties for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

23. This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.  By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

IT IS SO ORDERED.


DATED:  March 13, 2014

s\Cathy Bissoon
The Hon. Cathy Bissoon
United States District Judge


cc:	Gary F. Lynch, Esquire
	Sunshine R. Fellows, Esquire
	Jamisen A. Etzel, Esquire
	William David Geiger, Esquire

	Eric C. Bosset, Esquire
	Andrew J. Soukup, Esquire
	(*Via CM/ECF Electronic Mail*)